# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO: 8:18-cr-99-CEH-JSS

FREDRICK JAMES BURNEY, JR.
_____/

## ORDER

This cause comes before the Court on Defendant Fredrick James Burney, Jr.'s Motion to Dismiss Count (Doc. 583), and the Government's Response in Opposition (Doc. 603). In the motion, Burney asserts that the Court lacked subject matter jurisdiction because he was not provided with a warrant or bond. Upon review and consideration, the Court will deny the motion.

## BACKGROUND

On February 27, 2018, Burney was indicted for nine criminal charges, including robbery and conspiracy to commit Hobbs Act robbery. Doc. 1. Burney was arraigned on March 19, 2018, and was ordered detained on the Government's request. Doc. 61. He did not request release on bond. *See* Doc. 603 at 2. Three Superseding Indictments were subsequently filed that contained similar charges. Docs. 77, 247, 273. Burney moved to dismiss three firearms counts, alleging that they failed to state an offense as a matter of law because Hobbs Act robbery is not a crime of violence. Doc. 150. The Court denied the motion based on "the overwhelming weight of Eleventh Circuit precedent," by which the Court was bound, holding that it is a crime of violence. Doc.

203. Burney subsequently pleaded guilty to Counts 1, 8, 9, 14, and 15 of the Third Superseding Indictment and was sentenced to 360 months imprisonment followed by five years of supervised release. *See* Doc. 484. He remains incarcerated on the judgment.

Burney now moves to dismiss Counts 8, 9, 14, and 15. Doc. 583 at 2. Stating that his motion is filed pursuant to Florida Statutes § 76.12, he argues that this Court lacks subject matter jurisdiction because the Clerk of Court and United States prosecutor failed to present him with a bond or "warrant," which he defines as a payment or check. *Id.* at 1-3. Burney also cites to the Foreign Sovereign Immunities Act of 1976. *Id.* at 3-5. He explains that he seeks a writ of error coram nobis to correct the judgment against him. *Id.* at 6.

Responding in opposition, the Government asserts that the motion is without merit because Florida Statutes § 76.12 is inapplicable to a federal criminal case, and Burney was lawfully detained pursuant to the Bail Reform Act of 1984. Doc. 603 at 4-6. The Government argues that Burney did not request pre-trial release, which would not have been warranted in any event. *Id.* at 6-7. Further, it argues the Foreign Sovereign Immunities Act is inapplicable because a foreign state is not involved in this action. *Id.* at 7.

Burney has also filed a motion pursuant to 28 U.S.C. § 2255, which is pending under Case Number 8:21-cv-1879. *See* Doc. 596. He has also moved for release pending the adjudication of his § 2255 motion. Doc. 607.

## **DISCUSSION**

Burney's arguments that this Court lacked subject matter jurisdiction in the action against him are unavailing. First, his reliance on Florida Statutes § 76.12 is misplaced. Fla. Stat. § 76.12 is contained in Title VI, Chapter 76, a section of the Florida state civil practice and procedure rules regarding attachments. Section 76.01 provides that "any creditor may have an attachment at law against the goods and chattels, lands, and tenements of his or her debtor under the circumstances and in the manner hereinafter provided." The section on which Burney relies, § 76.12, describes one aspect of the procedure by which such an attachment may issue: "No attachment shall issue until the person applying for it…makes a bond with surety to be approved by the clerk payable to defendant in at least double the debt demanded conditioned to pay all costs and damages which defendant sustains in consequence of plaintiff's improperly suing out the attachment." The section then continues in more detail to describe the attachment bond procedure. *Id.* No part of this section applies to a criminal case or a federal case; nor does it describe any procedures relating to an individual who is incarcerated. Accordingly, Fla. Stat. § 76.12 has no applicability to Burney's federal criminal case, and therefore does not provide a basis for relief.

Similarly, the Foreign Sovereign Immunities Act of 1976 (FSIA) does not afford Burney any relief. FSIA provides the jurisdiction and procedures for bringing a civil suit against a foreign sovereign in the United States. *See* Pub. L. 94-583, 90 Stat. 2891 (1976).

Burney is not a foreign sovereign, and the instant action is criminal, not civil. His reliance on FSIA is therefore misplaced.[1]

Putting aside the inapplicable authority Burney cites, the Court also finds that his motion does not establish any error in his judgment of conviction. Burney was lawfully indicted by a federal grand jury, causing an arrest warrant to be duly issued. *See* Docs. 1, 5. After the Court denied his motion to dismiss, he pleaded guilty and was sentenced in accordance with his plea. Docs. 203, 484. At no time did he request pre-trial release on bond, nor has he established that he would have been entitled to it. In all, Burney has failed to identify any error in his conviction that entitles him to relief. The Motion to Dismiss Count (Doc. 583) is therefore due to be denied.

Accordingly, it is **ORDERED**:

1. Defendant Fredrick James Burney, Jr.'s Motion to Dismiss Count (Doc. 583) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 8, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Burney asserts that this Court is a "Foreign State" under FSIA and Federal Rule of Civil Procedure 4(j), which governs service on a foreign state. Doc. 583 at 5. The Court is not a foreign state, and Burney's citations are therefore inapposite.